WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vladimir Gagic,<br><br>          Plaintiff,<br><br>v.<br><br>County of Maricopa, et al.,<br><br>          Defendants. | No. CV-21-00037-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendants Maricopa County (the "County") and the County Manager and Chief Administrative Officer, Joy Rich's (collectively, the "Defendants") Motion to Dismiss (the "Motion"). (Doc. 12.) The Court resolves the Motion as follows.[1]

**I.   BACKGROUND**

In October 2018, while under contract as a Public Defender with the County's Office of Public Defender Services ("OPDS"), Plaintiff, Vladimir Gagic, was physically assaulted by a client. (Doc. 1 ¶ 11.) Soon after the assault, Mr. Gagic filed a lawsuit against the County in Maricopa Superior Court alleging violations of his OPDS contract and assignments thereunder.[2] (Doc. 12 at 2.) In that state action, Mr. Gagic claimed breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of

---

[1] Both parties have fully briefed the issues and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

[2] This case is currently pending before the Arizona Court of Appeals. *See Gagic v. Maricopa Cnty.*, CV2019-056955. In August 2020, Mr. Gagic also filed a new Notice of Claim against the County in relation to his OPDS contract. (*See* Doc. 12 at 2–3.)

emotional distress, and defamation/libel per se. (Doc. 1-4 at 10–11.) Mr. Gagic then filed a complaint with the County's Human Resources Department and Board of Supervisors alleging among other things, that OPDS discriminatorily assigns a disproportionate number of cases involving dangerous clients to "all male and mostly African-American contract lawyers." (*See* Doc. 1 ¶ 21; Doc. 1-2 at 29–31.) Mr. Gagic's internal complaint alleged wrongdoing by County and OPDS employees and relied on similar facts to those pled in his ongoing state lawsuit and pending Notice of Claim. (Doc. 1-2 at 29–30.)

After filing the state lawsuit, Notice of Claim, and internal complaint, Mr. Gagic repeatedly emailed employees within the County's Human Resources Department, Managers Office, OPDS, and Procurement Services. (*See id.* at 4–20.) Mr. Gagic's emails inquired about an ongoing internal investigation stemming from his allegation of discrimination. (*Id.* at 2, 11.) He requested access to a report detailing the investigation's findings and the status of any employee disciplinary actions. (Doc. 1 ¶ 3.) On December 18, 2020, Mr. Gagic received an email from the County's outside counsel, which provided:

> [P]lease be advised that if you have any further questions or concerns related to your contract with Maricopa County/OPDS, which pertain in any way to your legal claims and allegations in the lawsuit in which you have now noticed your appeal (Gagic v. Maricopa County, CV2019-056955), as well as related to your newer August 2020 Notice of Claim, *you are to direct those communications to me, as outside counsel for Maricopa County.* Unless it is a communication required or necessitated under the contract governing your assignment of criminal defense cases, and related to specific assignments under that contract, then you will need to communicate with me. That includes the substance of your recent communications with Valerie Beckett in the County Manager's Office, and Jan Plank in the County's HR office – those concerns and questions you raise in your emails to them all relate to the legal matters for which I am representing the County; Ms. Beckett and Ms. Plank, and any others in the County, will no longer be responding to your communications in that regard.

(Doc. 1-2 at 21 (emphasis added).)

Essentially, this email (the "Request") instructed Mr. Gagic to direct all communications relating to his pending lawsuit or Notice of Claim to the County's outside counsel, Sarah Barnes.[3] Mr. Gagic then filed his Complaint in this Court. (Doc. 1.) Defendants soon thereafter filed the instant Motion. (Doc. 12.) The Motion is now fully briefed. (Docs. 13, 15.)

## II.    LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint, however, should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

In deciding motions to dismiss, the court must accept material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Additionally, review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581. A court may also consider certain materials outside the complaint without converting the motion to dismiss into a motion for summary

---

[3] Ms. Barnes is also undersigned counsel representing the County in Mr. Gagic's pending lawsuit before the Arizona Court of Appeals and recently filed Notice of Claim. (Doc 12. at 1–3.)

judgment, such as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).

## III. DISCUSSION

Mr. Gagic brings two claims—a First and Fourteenth Amendment claim—under 42 U.S.C. § 1983. (Doc. 1 ¶¶ 23–29.) Section 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 is "not itself a source of substantive rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Rather, it provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Accordingly, to prevail in a civil action under § 1983, the plaintiff must show that the conduct complained of deprives him of some right, privilege, or immunity protected by the Constitution or federal law. *Oliver*, 510 U.S. at 271.

Mr. Gagic alleges that the "communication ban" implemented by the County's outside counsel violates his First Amendment right to free speech because it unduly restricts his ability to engage in "core political expression and expressive activity," is "overinclusive and substantially overbroad," and is shielding matters of "public concern." (Doc. 1 ¶¶ 25–27.) Mr. Gagic further alleges that the "communication ban" violates his Equal Protection Clause rights under the Fourteenth Amendment because it "engages in speaker-based discrimination." (*Id.* ¶ 29.) The Court addresses each allegation in turn.

### A. First Amendment

The First Amendment, applicable to the States through the Fourteenth Amendment, precludes state and local governments from "abridging the freedom of speech." U.S. Const. amend. I. "Above 'all else, the First Amendment means that government' generally 'has no power to restrict expression because of its message, its ideas, its subject matter, or its content.'" *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2347 (2020)

(quoting *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 95 (1972)). In certain situations, governments may nonetheless impose "reasonable time, place, or manner" restrictions on speech. *See Ward v. Rock Against Racism*, 491 U.S. 781, 790 (1989).

Defendants argue that the Request does not restrict Mr. Gagic's free speech because he is "free to communicate on any matters he chooses with the County employees or representatives, with no consequence." (Doc. 12. at 4.) Defendants assert that the County has merely taken the position that if Mr. Gagic wishes to receive substantive responses, he must communicate directly with outside counsel. (*Id.*) Defendants further assert that should the Request be construed as a restriction on free speech, as a limited public forum, "the County can impose reasonable restrictions based on the subject matter of the speech or the identity or status of the speaker." (*Id.* at 5–7.) Mr. Gagic responds that "while it may trivial [sic] to go through counsel rather than directly to the County . . . this is a free country, and [he] will not be bullied into giving up [his] 1st Amendment rights on a pretext." (Doc. 13 at 12.) Mr. Gagic argues that the Request restricts his free speech in violation of the First Amendment because the County, in forcing him to communicate with outside counsel, is attempting to "shelter corrupt bureaucrats from public scrutiny." [4] (Doc. 13 at 17.) Thus, Mr. Gagic argues that his communications are a matter of "public concern," and that an "exacting scrutiny" standard should be applied. (Doc. 1 ¶ 25; Doc. 13 at 17.) The Court finds Defendants' arguments persuasive.

The Request does not restrict Mr. Gagic's freedom of speech despite his characterization of it as a "gag order" and outright "communication ban." Mr. Gagic does not allege that Defendants have enacted any law, ordinance, policy, or regulation that prevents him from communicating with County employees. Additionally, Mr. Gagic has

---

[4] Additionally, in Mr. Gagic's Response, he argues for the first time that the Request violates his right to "petition the government for redress of grievances." (Doc. 13 at 16.) Mr. Gagic's Complaint makes no mention of this claim. (*See* Doc. 1 ¶¶ 23–29.) As it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," the Court will not address this claim. *See Lee*, 250 F.3d at 688. As explained below, it would be futile to allow Mr. Gagic to include this claim even if it was considered.

not presented any set of facts that suggest Defendants are penalizing him for communicating with County employees; rather, Defendants are merely requesting that Mr. Gagic direct all future communications to a designated person. Mr. Gagic is still free to communicate anything he wishes to the County's outside counsel. Thus, Mr. Gagic has failed to show that the Request restricts his speech at all, let alone that the Request constitutes a cognizable restriction of his speech. *See Barr*, 140 S. Ct. at 2347.

Mr. Gagic does not have a First Amendment right to force County employees to listen or respond to his communications. As Defendants argue, the Request imposes "no restriction on [Mr. Gagic's] freedom of speech, and instead simply notifies him that those 'listeners' to whom he was directing communications no longer want to listen." (Doc. 12 at 5.) The First Amendment, in protecting freedom of speech, assumes both a willing speaker and a willing listener. *See Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 756 (1976). Regardless of whether outside counsel had sent the Request to Mr. Gagic, County employees have no obligation to respond to Mr. Gagic's report requests or listen to his communications. Mr. Gagic has failed to present any case or sound legal argument to support his assertion that the County employees' failure to respond to his communications, and the subsequent designation of a new point of contact, violates the First Amendment.

Assuming, *arguendo*, that the Request was a restriction on Mr. Gagic's free speech, it is a reasonable restriction. The Court agrees with Defendants' classification of the County as a "limited public forum" in this instance, thus subject to a reasonableness test. (*See* Doc. 12 at 6.) A limited public forum is established when governmental entities open property for "use by certain groups or dedicated solely to the discussion of certain subjects." *Pleasant Grove City, Utah v. Summons*, 555 U.S. 460, 470 (2009). When speech is subject to First Amendment protection, limited public forums may still impose restrictions that are reasonable and viewpoint neutral. *See id.* Here, the Maricopa County Department of Human Resources' complaint filing system for citizen concerns is a limited public forum. Given that only the complaints of citizens who have interacted with County employees will be considered, the forum is limited to certain groups of people. Also, given

that only complaints raising concerns about those types of interactions will be considered, the forum is limited to the discussion of certain subjects. The Complaint does not plausibly allege that the Request restricts Mr. Gagic's speech in a non-viewpoint neutral manner.

As Defendants argue, the Request is a reasonable restriction because it leaves substantial avenues open for Mr. Gagic to communicate with the County. (Doc. 12 at 6.) The reasonableness of a restriction is often supported by evidence that "substantial alternative channels" remain open for the restricted speech or communication. *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 53 (1983). Mr. Gagic has several alternative ways to communicate with the County. Mr. Gagic has stated that he only wishes to communicate with County employees on "strictly logistical and administrative" matters, that is, when the "report will be ready and how can [he] get it." (Doc. 13 at 12.) As the Request states, Mr. Gagic can communicate directly with Ms. Barnes and ask her for access to the report. Additionally, as Mr. Gagic admits, he could also file a public information request with the County to receive the report. (*See* Doc. 1 ¶ 3.)

Mr. Gagic has failed to show how such a trivial communication request, which is of no consequence for him to comply with, restricts his freedom of speech and violates the First Amendment. Because the Court finds that Mr. Gagic has failed to state a claim under § 1983, it finds no basis for relief. The Court therefore dismisses Mr. Gagic's First Amendment cause of action for failure to state a claim.

### B.      Fourteenth Amendment

The Fourteenth Amendment's Equal Protection Clause provides "that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state an Equal Protection violation under § 1983, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). A plaintiff, acting as a "class of one," may also allege facts showing he has been

intentionally treated differently from others similarly situated without a rational basis for the difference in treatment, when he cannot allege membership in a class or group. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Defendants argue that the Request does not violate the Equal Protection Clause because "[Mr. Gagic] does not allege that he was discriminated against based on his membership in a suspect class," "[Mr. Gagic] does not allege that he is treated differently from others similarly situated," and the County's request to "refer . . . communications to its outside counsel" was rational given Mr. Gagic's pending state lawsuit, Notice of Claim, and internal complaint. (Doc. 12 at 8–9.) Mr. Gagic argues that the Request violates the Equal Protection Clause because it "engages in speaker-based discrimination and penalizes [him] based on [his] exercise of fundamental First Amendment rights." (Doc. 1 ¶ 29.) The Court finds Defendants' arguments persuasive.

Mr. Gagic does not allege that he is a member of a protected class for purposes of this lawsuit. Although Mr. Gagic has generally alleged that the County discriminated against him and other similar lawyers by "unfairly assigning . . . a disproportionate amount of dangerous clients" to "all male and mostly African-American-contract lawyers," these discriminatory allegations are irrelevant to the Request at issue and to this Court's decision. (Doc. 1 ¶ 21.) Throughout both his Complaint and Response, Mr. Gagic continuously conflates his allegation of general discrimination by disproportionate case assignment with his allegation that the Request discriminates against him. (*See id.*; Doc. 13 at 18.) For instance, Mr. Gagic implies that the Request discriminated against him based on his membership in a protected class because he is one of the OPDS lawyers who has allegedly been targeted for dangerous case assignments "based on [his] sex and national origin." (Doc. 13 at 18.) These discriminatory allegations, however, are solely related to the substance of Mr. Gagic's pending state lawsuit, Notice of Claim, and internal complaint against the County. They do not weigh on whether the Request itself discriminates against Mr. Gagic based on his membership in a protected class.

As Mr. Gagic does not allege that he was discriminated against as a member of a protected class, it must follow that his claim is based on discrimination as a "class of one."

A plaintiff states a valid Equal Protection Clause claim under § 1983 as a class of one if he can provide sufficient facts to show that the defendant intentionally treated him differently than others similarly situated. *See Olech*, 528 U.S. at 565. As Defendants point out, Mr. Gagic has not alleged the disparate treatment of others who are similarly situated to him. (*See* Doc. 12 at 8.) Mr. Gagic's Complaint is devoid of any instances where County employees have received similar requests to communicate with outside counsel. Including, other instances where a County employee has filed active litigation or initiated an internal investigation against the County. Thus, Mr. Gagic has failed to plead any facts to state a plausible claim for relief. For these reasons, Mr. Gagic's Equal Protection Clause claim fails.

Even if Mr. Gagic could establish that he was intentionally discriminated against as a class of one, which he has not, the County has a rational basis for its classification. The Equal Protection Clause is not violated against a class of one if "any reasonably conceivable state of facts" could provide some rational basis for the different classification. *See F.C.C. v. Breach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993); *Heller v. Doe*, 509 U.S. 312, 321 (1993). Defendants effectively argue that "it cannot be said that it is not rational or reasonable for the County employees to elect to refer [Mr. Gagic's] communications to its outside counsel." (Doc. 12 at 9.) Defendants further argue that as a licensed attorney, Mr. Gagic "must be aware of the potential perils that can arise if lay persons continue to communicate directly with a trained and licensed attorney on matters relating to ongoing litigation, when they have counsel they can and have designated to address those communications with the other attorney." (*Id.*) The County's request that Mr. Gagic communicate solely with outside counsel on matters relating to active litigation and internal investigations is rationally related to the County's interest in maintaining internal consistency and upholding legal confidentiality. Mr. Gagic also argues that because the pending lawsuit has "no cause of action for illegal assignment of case based on race or sex . . . nor any constitutional causes of action," the Request to communicate through outside counsel does not directly relate to his pending state lawsuit. (Doc. 1. ¶ 22.) Even if Mr. Gagic's argument is true, he has not rebutted the County's rational reasons for

implementing its communication request. The County thus has a rational reason for wanting all related communications to go through its outside counsel who is well-versed in Mr. Gagic's allegations, professionally equipped to answer his questions, and legally required to maintain confidentiality.

Mr. Gagic does not show how the Request discriminates against him in violation of the Fourteenth Amendment's Equal Protection Clause. The Court, therefore, finds that Mr. Gagic has failed to state a claim under § 1983 and finds no basis for injunctive relief. The Court will dismiss Mr. Gagic's second cause of action.

### C.   Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). District courts properly deny leave to amend if the proposed amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, the Court finds that amendment would be futile as to either of the two causes of action.

As to his First Amendment claim, Mr. Gagic has not provided any facts or legal analysis to establish a basis for the Court to conclude that the Request restricts his freedom of speech. Mr. Gagic has failed to show how the Request restricts his "political expression," because he has not explained how his communications could be construed as political.[5] Mr.

---

[5] Although it is not entirely clear from the Complaint, to the extent Mr. Gagic alleges his communications relate to matters of "public concern," his claim also fails. (*See* Doc 1.

Gagic has also failed to show how the Request is restrictive, as he did not present any facts showing that he has been penalized by the County or lost his ability to communicate with the County. There are no facts Mr. Gagic could add to show that the County's reasonable request violates the First Amendment. As to his Fourteenth Amendment claim, Mr. Gagic has not provided any facts or legal analysis to establish a basis for the Court to conclude that the Request violates the Equal Protection Clause. Mr. Gagic does not claim to be a member of a protected class and has not presented any evidence of others similarly situated to him. Mr. Gagic has failed to state any viable claims that could be cured by amendment. Therefore, any amendment would be futile as to Mr. Gagic's First and Fourteenth Amendment claims.

Additionally, it would be futile for Mr. Gagic to add a "right to petition the government for redress of grievances" claim because he has failed to allege any material facts that support his assertion that the Request shields matters of public concern. *See Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 389 (2011). Further, although Mr. Gagic's right to petition may allow him to file a state lawsuit, Notice of Claim, and internal complaint, it does not prevent the County from redirecting his related inquiries to their outside counsel. There are no facts that could be added to support a right to petition claim in this context. For these reasons, Mr. Gagic will not be given leave to amend. *See James River Ins. Co. v. Thompson*, No. CV-20-01052-PHX-DGC, 2021 WL 424088, at *2 (D. Ariz. Feb. 8, 2021).

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 12) is **granted** for

---

¶ 25.) The First Amendment protects the right of public employees in certain circumstances "to speak as a citizen addressing matters of public concern," however, to prevail on a public concern claim, the plaintiff must show that some adverse employment action was taken against him. *See Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006); *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1053 (9th Cir. 2013). Mr. Gagic has not alleged that any adverse employment action has been taken against him. In fact, Mr. Gagic has failed to show that he has suffered any harm at all from the Request. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998).

failure to state a claim. The case is dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this case and enter judgment accordingly.

Dated this 5th day of April, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge